The document below is hereby signed.

Signed: June 11, 2018



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                         )
                              )
SUNDARI KARMA PRASAD,          )   Case No. 18-00403
                              )   (Chapter 7)
          Debtor.             )
                              )   Not for publication in
                              )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION RE DISMISSAL FOR FAILURE
TO FILE A CERTIFICATE OF PREPETITION CREDIT COUNSELING

The debtor has filed what can be read as a motion requesting that the court determine whether the debtor qualifies for an exemption from filing a certificate of credit counseling under 11 U.S.C. § 109(h)(4) (Dkt. No. 5). For the following reasons, the debtor does not qualify for an exemption under § 109(h)(4) and this case must be dismissed.

I

The debtor has commenced this case by filing a voluntary petition, in which the debtor alleges that she is not required to receive prepetition credit counseling due to disability. The Bankruptcy Code defines who may and may not be a debtor. 11 U.S.C. § 109. Under § 109(h)(1), a person may not be a debtor if

that person has not received a certificate of credit counseling within 180 days prior to the filing of a case in bankruptcy. However, under § 109(h)(4), a debtor is exempt from filing a certificate of prepetition credit counseling if:

> the court determines, after notice and hearing, [the debtor] is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

The debtor has filed what can be read as a motion requesting the court to determine whether the debtor is disabled to qualify for an exemption under § 109(h)(4). The debtor, however, has not shown that she is disabled and would qualify for this exemption.

The debtor contends that she is disable because she is in jail and does not have access to the internet. This does not qualify as a disability. *In re Alexander*, 432 B.R. 41, 45 (Bankr. N.D.N.Y. 2010); *In re Larsen*, 399 B.R. 634, 637 (Bankr. E.D. Wis. 2009); *In re Star*, 341 B.R. 830, 831 (E.D. Va. 2010). Being in jail in not a physical impairment, and the debtor's status as an inmate does not qualify her for a disability under

§ 109(h)(4).[1]

The debtor also claims to have several medical disabilities, and includes with her motion a document titled "Do you have a disability?" apparently provided by the Department of Social Services of Virginia to inform people seeking Temporary Assistance for Needy Families (TANF) benefits information on several types of disabilities the participants may have and should report to the Department when seeking TANF.  The debtor apparently claims to have diabetes, epilepsy, heart diseases, celiac disease, a learning disability including writing and doing math, depression, PTSD, fibromyalgia, and a history of alcohol abuse.  Besides the fact that the debtor does not include a medical record attesting that the debtor suffers from any of

---

[1] The debtor does not request an exemption under § 109(h)(3) for exigent circumstances, but would not qualify for it if she had.  The court in *In re Rendler*, 368 B.R. 1, 4 (Bankr. D. Minn. 2007) recognized that § 109(h)(3) only relieves the debtor from obtaining *prepetition* credit counseling, and is not a permanent exemption from obtaining credit counseling.  The court denied the inmate-debtor's request for an exemption under § 109(h)(3) because if he could not get prepetition credit counseling, he would be unable to obtain postpetition credit counseling, and would not qualify as a debtor in bankruptcy. *Id.* Here, the debtor contends that she cannot use internet for things such as credit counseling.  If the debtor cannot use the internet to get prepetition credit counseling, then she would not be able to use the internet to obtain postpetition credit counseling, and does not qualify for an exemption under § 109(h)(3).  The court notes that the debtor does not say whether she could obtain credit counseling by telephone, but even assuming she can, she does not provide any evidence that she even asked for it. Accordingly she would still not qualify for an exemption under § 109(h)(3).  *In re Latovljevic*, 343 B.R. 817, 822 (Bankr. N.D. W. Va. 2006)*.*

these disabilities, none of these disabilities show that the debtor "is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or internet briefing required" under § 109(h)(1), nor does the debtor provide any documentation that would show how, if possible, any of these disabilities would prevent the debtor from participating in a prepetition credit counseling course.  In fact, the debtor's ability to file her case pro se is strong evidence that the debtor does not suffer from a disability preventing her from obtaining prepetition credit counseling.  The debtor has, therefore, not shown that she qualifies as a debtor under § 109(h), and this case must be dismissed.

II

For the aforesaid reasons, an order follows dismissing this case.

[Signed and dated above.]

Copies to: Debtor by hand-mailing; e-recipients of orders.

R:\Common\TeelSMT\TTD\Orders\109(h)\Dismissal - Mtn to Waive Credit Counseling - 109(h)_postpetition counseling_Kundari Prasad_v2.wpd

4